IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN RAYMOND,

      Petitioner,

vs.                          No. 03 CR 2066 MV
                                    No.

UNITED STATES OF AMERICA,

      Respondent.

## MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2225

### I. Introduction

Petitioner, Benjamin Raymond, through undersigned counsel, Benjamin A. Gonzales, Assistant Federal Public Defender, moves the Court to enter a corrected sentence pursuant to the dictates of *United States v. Johnson*, 135 S.Ct. 2551 (2015). *Welch v. United States* explicitly held that *Johnson* applies retroactively to cases on collateral review 136 S.Ct. 1257 (2016).

### II. Procedural History

Mr. Raymond was indicted on October 17, 2003, for being a felon in possession of a firearm contrary to 18 U.S.C. § 922(g)(1). Doc. 1. On October 14, 2003, Mr. Raymond plead guilty to the Indictment. Doc. 45. The plea was not pursuant to Fed. R. Crim. P. 11(c)(1)(C). There was no waiver of Mr. Raymond's right to collaterally attack his sentence. Mr. Raymond was found to be an armed career criminal. PSR, ¶ 23. This finding was based on three prior convictions. They were Robbery in the Second Judicial District

Court Case No. CR94-2002, Attempted to Commit Armed Robbery in the Second Judicial District Court, Case No. CR95-1846 and Aggravated Burglary (commits battery) in the Second Judicial District Court, Case No. CR00-3262. PSR, ¶ 23. The defendant argues that New Mexico Robbery, attempt to commit robbery and burglary are no longer violent felonies for purposes of the ACCA after *Johnson*.

### III.   Mr. Raymond's Conviction of Robbery and Attempt to Commit Armed Robbery Do Not Constitute Violent Felonies After *United States v. Johnson*.

#### A. New Mexico's robbery statute does not require sufficient force to satisfy the ACCA's "force clause".

When he was 17 years of age, Mr. Raymond plead guilty to robbery pursuant to NMSA § 30-16-2 in the Second Judicial District Court. PSR, ¶ 28.  When he was 18 years of age, he plead guilty to attempt to commit armed robbery in Second Judicial District Court.  PSR, ¶ 30.  Under *United States v. Johnson*, neither the Robbery nor the Attempted Armed Robbery constitute predicate offenses for the ACCA.

New Mexico third-degree robbery does not satisfy the requirements for either of the two non-residual clause categories of "violent felony."  The government has the burden to show that it does in order to justify an ACCA enhancement.  *See United States v. Delossantos*, 680 F.3d 1217, 1219 (10th Cir.2012) (government bears the burden to prove a defendant is subject to the ACCA).  New Mexico third-degree robbery obviously is not burglary, arson or extortion or involves the use of explosives.  Therefore, the "enumerated crimes" clause of the ACCA is inapplicable.  *See* 18 U.S.C. § 924(e)(2)(B)(ii).

Since the ACCA's residual clause is unconstitutionally vague, the only remaining section upon which Mr. Raymond can classify under the ACCA is the "force clause" 18 U.S.C. § 924(e)(2)(B)(i).  New Mexico robbery as a third degree felony does not have as an adequate element the use, attempted use, or threatened use of physical force against the person of another. NMSA § 30-16-2.  To commit third-degree robbery, the offender need only use or threaten to use minimal force.  The Supreme Court has defined "physical force" as used in § 924(e)(2)(B)(i) as "strong physical force", "a substantial degree of force", "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).  Thus, Raymond's robbery offenses do not require sufficient force to fall within ACCA's "physical force" clause.

In determining whether an offense qualifies as a "violent felony" under the "physical force" clause, sentencing courts must employ the categorical approach.  *United States v. Ramon Silva*, 608 F.3d 663, 669 (10th Cir. 2010).  That approach mandates that courts "'look only to the statutory definitions'—i.e., the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'" *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990) (emphasis in original).  Also under that approach, courts presume the defendant's conviction rested upon nothing "more than the least of [the] acts" criminalized by the relevant statutory provision. *Johnson*, 559 U.S. at 137; *de Leon v. Lynch*, 808 F.3d 1224, 1230 (10th Cir. 2015).

The Supreme Court determined the meaning of "physical force" in the 2010 *Johnson* case.  In that case, the Court addressed whether a violation of Florida's battery statute satisfied the "physical force" clause.  That statute required only any intentional physical contact, no matter how slight.  559 U.S. at 138.  The Court held such a minimal touching did not constitute "physical force" under § 924(e)(2)(B)(i).  *Id.* at 145.  "Physical force" in the ACCA "violent felony" context, the Court explained, means "*violent* force— that is, force capable of causing physical pain or injury to another person."  *Id.* at 140; *Id.* at 138-45.  Obviously, the slightest physical contact did not come near to matching that definition.

Mr. Raymond's New Mexico third-degree robbery offense and attempted armed robbery present a virtually identical situation.  N.M. Stat. Ann. § 30-16-2 defines third degree robbery as "the theft of anything of value from the person of another or from the immediate control of another by use or threatened use of force or violence."  *See also* NMRA UJI 14-1620.  Under New Mexico law, to constitute robbery the use or threatened use of force must be the lever that separates the thing of value from the victim.  *State v. Martinez*, 513 P.2d 402, 402 (N.M. App. 1973).  "The amount or degree of force is not the determinative factor."  *Id.* at 403.  "[T]he amount of force is immaterial."  NMRA UJI 14-1620, committee commentary.  The force just has to be enough to overcome the "resistance of attachment."  *State v. Curley*, 939 P.2d 1103, 1105 (N.M. App. 1997).

Examples of sufficient force for New Mexico robbery include: snatching an article, such as a pin, that is so attached to a person's clothes as to require some force to remove it, *id.* at 1106; the pickpocket or his or her confederate "jostling" the owner for the purpose

of diverting the owner's attention, *id., Martinez*, 513 P.2d at 403, *State v. Segura*, 472 P.2d 387, 387-88 (N.M. App. 1970), *United States v. Reynolds*, 20 M.J. 118, 120 (C.M.A. 1985) (citing *Segura* for that proposition); grabbing the owner's purse and taking it after a struggle when the purse strap breaks, *State v. Verdugo*, 164 P.3d 966, 974 (N.M. App. 2007); grabbing the victim and locking her in a cell, *State v. Pitts*, 700 P.2d 650, 652-53 (N.M. App. 1985); shoving the person's shoulder, *Curley*, 939 P.2d at 1104, 1107; *see also* 4 Charles E. Torcia, *Wharton's Criminal Law* (15th ed. 1996) (cited with approval as describing the majority rule New Mexico has adopted by *Curley*, 939 P.2d at 1105); *id.,* § 464, n. 81 ("it is . . . robbery to pick a person's pocket . . . while jostling . . . him" (citing *Snyder v. Commonwealth*, 58 SW 422, 422 (Ky. App. 1900)); *id.*, n. 82 (same conclusion for "pushing" (citing *Seymour v. State*, 15 Ind. 288, 290 (1860)); *id.*, n. 83 (citing *Mahoney v. People*, 48 How. Pr. 185, 189-90 (1874) (it is robbery when force is used to divert the victim's attention, "whether the force gave pain or not," as long as it accomplished the theft), *aff'd* 59 NY 659 (1875)).

It is apparent that the least amount of force necessary to commit New Mexico robbery in the third degree is less than the "physical force" to which § 924(e)(2)(B)(i) refers, that is, "strong physical force," "a substantial degree of force," "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140 (emphasis in original).

The Ninth Circuit's opinion in *United States v. Dominguez-Maroyoqui*, 748 F.3d 918 (9th Cir. 2014), illustrates this point. In that case, the court found that bumping a person, jolting the arm and shoulder of the person, grabbing the person's jacket or spitting

in the person's face does not rise to the level of *Johnson*'s "physical force." *Id.* at 921; *see also United States v. Montes-Flores*, 736 F.3d 357, 368 (4th Cir. 2013) (stranger embracing a young lady or a large man fondling a child does not constitute *Johnson* "physical force"); *United States v. Flores-Cordero*, 723 F.3d 1085, 1087-88 (9th Cir. 2013) (struggling to keep from being handcuffed and kicking an officer do not equal *Johnson* "physical force").

A number of cases have found force during robbery like that required in New Mexico third-degree robbery to be insufficient to amount to *Johnson* "physical force." In *United States v. Hollins*, 514 F. App'x 264 (3rd Cir. 2013), for example, the Third Circuit examined the elements of Pennsylvania robbery. *Id.* at 267-68. According to Pennsylvania law, for conduct to be robbery the "degree of actual force [used] is immaterial, so long as it is sufficient to separate the victim from his property in, on or about his body." *Id.* (quoting *Commonwealth v. Brown*, 484 A. 2d 738, 741 (1984)). That force was not enough to constitute *Johnson*'s "physical force," the Third Circuit held. *Id.* at 268.

The force element of New Mexico third-degree robbery is essentially the same as the force element of Pennsylvania robbery. The amount of force is immaterial. *Martinez*, 513 P.2d at 403; NMRA UJI 14-1620, committee commentary. It only has to be enough to overcome the "resistance of attachment," such as the force needed to snatch a pin attached to a person's clothes. *Curley*, 939 P.2d at 1105, 1106. Thus, *Hollins'* logic leads to the conclusion that New Mexico third-degree robbery does not have "as an element the use, attempted use, or threatened use of physical force against the person of another" under § 924(e)(2)(B)(i).

A number of other federal courts have found the force element of robbery offenses fails to meet the *Johnson* "physical force" standard for reasons similar to those the *Hollins* court expressed. *See United States v. Bell*, ___ F. Supp. 3d ___, 2016 WL 344749, at ** 8-10 (N.D. Cal. Jan. 28, 2016) (no "physical force" element where 18 U.S.C. § 2112 only required enough force to take an item attached to a person or the person's clothes; for example: pulling a key chain and "popping" a leather loop; pushing; kicking an officer and causing a minor scuffle); *United States v. Moncrieffe*, ___ F. Supp. 3d ___, 2016 WL 913391, at ** 16-19 (E.D.N.Y. Mar. 10, 2016) (same conclusion where New York robbery could be committed by bumping, a brief tug-of-war over property, blocking someone from pursuing the robber, trying to push the victim, or jostling); *United States v. Litzy*, ___ F. Supp. 3d ___, 2015 WL 5895199, at ** 4-5 (S.D.W. Va. Oct. 8, 2015) (same conclusion where an element of Ohio robbery is the use of fear that induces a person to part with property against the person's will and could be committed by ripping a purse from a victim's shoulder and hands, compulsion or constraint); *see also United States v. Castro-Vazquez*, 802 F.3d 28, 37-38 (1st Cir. 2015) (there is a reasonable likelihood Puerto Rico robbery, which requires the "slightest use of force," does not have a "physical force" element); *In re Sealed Case*, 548 F.3d 1085, 1090 (D.C. Cir. 2008) (robbery by force and violence requires a minimal level of force that would not satisfy § 924(e)(2)(B)(i)); *United States v. Bilal*, 610 F. App'x 569, 569-70 (6th Cir. 2015) (Ohio aggravated attempted robbery does not satisfy § 924(e)(2)(B)(i)); *United States v. Carmichael*, 408 F. App'x 769, 770 (4th Cir. 2011) (same conclusion regarding North Carolina common law robbery).

In sum, the 2010 *Johnson* decision, New Mexico and federal case law and common sense establish that Mr. Raymond's New Mexico third-degree robbery offense does not meet the criteria for the ACCA's "physical force" provision. The Tenth Circuit's opinion in *United States v. Lujan*, 9 F.3d 890 (10th Cir. 1993), does not require a different conclusion. In *Lujan*, well before the 2010 *Johnson* decision, the Tenth Circuit said the New Mexico robbery statute has an element that satisfies § 924(e)(2)(B)(i). The court dealt with the issue in one sentence, supporting its conclusion simply by quoting with italics and without explanation the "use or threatened use of force or violence" language of N.M. Stat. Ann. § 30-16-2. The court did not discuss whether New Mexico robbery required a particular level of force. It just relied on the similarity between the language of § 30-16-2 and § 924(e)(2)(B)(i). *Id.* at 892.

There are two reasons why *Lujan* does not govern the question whether Mr. Raymond's robbery offense comports with the "physical force" clause. First, the *Lujan* court never addressed the issue before this court: whether New Mexico robbery requires the amount of force to which the ACCA's "physical force" clause refers. The court merely cited § 30-16-2's words without considering if the quantity of force mattered. *Id.*

Stare decisis ascribes precedential value only to issues that are actually decided. *United States v. Romero*, 491 F.3d 1173, 1177 (10th Cir.). "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedent." *Id.* (quotations and citations omitted). If no party argued an issue of law in a particular case, the decision in that case does not constitute precedent with respect to that issue. *United Food &*

8

*Commercial Workers Union, Local 1564 of New Mexico v. Albertson's, Inc.*, 207 F.3d 1193, 1199 (10th Cir. 2000).

*United States v. Booker*, 543 U.S. 220 (2005), demonstrates this point.  In that case, the Supreme Court held that imposing a sentence above the maximum sentence permissible under a mandatory sentencing guideline system based on judicial findings of fact violated the Sixth Amendment.  *Id.* at 230-37.  The Court held stare decisis did not require a different conclusion, even though in a number of previous decisions it had let stand sentences that contravened its current ruling.  The Court explained that the defendants in the prior cases had not made the argument that carried the day in the instant case.  *Id.* at 239-41; *see also Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993) ("[S]ince we have never squarely addressed the issue, and have at most assumed the [harmless-error-beyond-a-reasonable-doubt standard], we are free to address the issue on the merits.").

The Tenth Circuit abides by the same principle.  *See United States v. Lozado*, 776 F.3d 1119, 1126, n. 3 (10th Cir. 2015) (Tenth Circuit decisions determining declarants made statements against interest were not controlling precedent in the instant case because those decisions did not address whether the declarants were aware of the self-inculpatory nature of their statements or whether a reasonable person would have been aware); *United States v. Heineman*, 767 F.3d 970, 974 (10th Cir. 2014) (prior Tenth Circuit opinion that used a definition of true threat without an element of intent to instill fear did not establish there was no such element because that prior opinion failed to address whether that intent was a required element).

Consequently, since the *Lujan* court did not address the issue, the *Lujan* decision does not stand for the proposition that New Mexico robbery requires enough force to satisfy the ACCA's "physical force" clause.  This court is therefore not bound by *Lujan* to reach that conclusion.  *See Moncrieffe*, 2016 WL 913391, at * 18 (New York federal district court did not consider itself bound by two Second Circuit cases that found the elements of robbery satisfied § 924(e)(2)(B)(i) in part because neither case addressed the degree of force required under the relevant jurisdiction's law).

Second, a circuit decision is not binding to the extent it is inconsistent with a later Supreme Court decision.  *Heineman*, 767 F.3d at 973.  The Tenth Circuit decided *Lujan* in 1993, seventeen years before the 2010 *Johnson* decision.  As demonstrated above, under that later *Johnson* decision, which for the first time defined the term "physical force" in § 924(e)(2)(B)(i), New Mexico third-degree robbery does not require the use, attempted use or threatened use of force of sufficient magnitude to meet the ACCA's "physical force" standard.  So, even assuming arguendo *Lujan* was ever contrary precedent in that regard, it no longer is.  *See Flores-Cordero*, 723 F.3d at 1087-88 (2010 *Johnson* case was controlling, intervening authority that superseded prior circuit precedent that an Arizona resisting-arrest offense satisfies a "physical force" clause); *Hollins*, 514 F. App'x at 267-68 (declining to follow a prior circuit holding that Pennsylvania robbery satisfies the "physical force" element requirement because the 2010 *Johnson* decision cast doubt on the prior decision).

In sum, the *Lujan* case is not an obstacle to this court holding that Mr. Raymond's third-degree robbery offense fails to satisfy the "physical force" element requirements of §

924(e)(2)(B)(i). Since that offense is not a "violent felony" under the ACCA, given the constitutionally-required absence of the residual clause, the district court's imposition of an ACCA sentence in reliance on the residual clause is a due process error.

**B. New Mexico's Robbery Statute Does Not Require the Use or Threatened Use of Force Elements Against the Person of Another as Does the Force Clause of 18 U.S.C. § 924(e)(2)(B)(i).**

The force clause of 924(e)(2)(B)(i) requires the use, attempted use, or threatened use of physical force against a person of another. The New Mexico robbery statute does not fit this definition. Robbery in New Mexico is "the theft of anything of value from the person of another or from immediate control of another by threatened use or force or violence." NMSA § 30-6-2. New Mexico robbery omits an essential element of the elements clause definition. That is, the force must be against the person of another. For instance, a robbery might occur if the perpetrator threatens the possessor of property that he will shoot the victim's dog unless he gives him his wallet. That is force, but not force against the person of another. Another example might be that the robber threatens to spray paint the victim's car if she does not turn over her purse. That is force and a robbery in New Mexico, but it does not entail force against a person of another. Therefore, under the categorical approach, the absence of the force against the person of another in the New Mexico robbery statute critically distinguishes it from the force clause of 18 U.S.C. § 924(e)(2)(B)(i).

### C. New Mexico Armed Robbery Does not Constitute a Crime of Violence to Satisfy the ACCA's "Force Clause."

The second predicate felony underlying Mr. Raymond's classification under the ACCA was attempt to commit armed robbery.  PSR, ¶ 30.  Armed robbery does not compel a different analysis.  The Armed Robbery section of NMSA § 30-16-2 criminalizes the commission of a robbery "while armed with a deadly weapon." There is no requirement that the weapon be brandished or used in any fashion to enable the commission of the robbery.  There is no requirement of a nexus between the simple robbery and possession of the weapon.  If one possesses a weapon in any manner regardless of whether the victim is aware of it, the perpetrator commits an armed robbery.  Being armed is simply a strict liability element.

The New Mexico Court of Appeals noted that "[S]ome statutes aggravate a predicate crime when the perpetrator is *armed with a deadly weapon.*  NMSA 1978 § 30-16-2 (1973) (robbery)…"  *State of New Mexico v. Anderson*, 130 NM 295, 299, 300, 24 P.3d 327 (Ct. App. 2001) (emphasis in original).  Under such an aggravated statute the "perpetrator can be convicted even when no use is intended."  *Id.* at 299.  If a crime is aggravated when no use is intended, surely one is also aggravated when no use is made of the deadly weapon.  As the Court of Appeals noted, these convictions are upheld because of the legislative intent to "deter the commission of burglaries [and robberies] and the possession of a firearm during such crimes."  *Id.* citing *State v. Luna*, 99 NM 76, 78 653 P.2d 1222, 1224 (Ct. App. 1982).  Therefore, armed robbery can be committed with the victim being unaware of the armed status of the offender as there need not be any

relationship between the armed status of the robber and the robbery itself.  The New Mexico Uniform Jury Instruction supports this interpretation.  *See* NMRA UJI 14-621.  The jury instruction informs the jury that it must find that the defendant "was armed with [actual weapon]."  It does not include any requirement that the defendant actually use or make the victim aware of the weapon.  The New Mexico armed robbery statute fails to require any more force than the simple robbery statute.  Therefore, armed robbery requires insufficient force to satisfy the "force" clause of the ACCA.

### IV.   Attempted Robbery Does Not Qualify as a Crime of Violence Under the ACCA

#### A. The New Mexico Attempt Statute Does Not Contain the "Substantial Step" Element Required of a Predicate Offense.

The second offense used to support Mr. Raymond's status as an armed career criminal was "attempt to commit armed robbery (firearm enhancement)."  PSR, ¶ 23.  Neither Robbery nor Armed Robbery qualify as predicates under the ACCA.  Additionally, New Mexico attempt does not qualify.  The inchoate crime of attempt cannot be used as a predicate offense to support an enhancement under the ACCA.

The New Mexico statute for "Attempt to commit a felony" is codified under N. M. Stat. Ann. § 30-28-1.  It defines attempt consisting of "an overt act in furtherance of and with intent to commit a felony and tendering but failing to effect its commission."  "Overt act" is defined in the New Mexico Uniform Jury Instructions as "an act which constituted a substantial part of [the felony].  NMRA UJI 14-2801.  The New Mexico statute is too expansive to satisfy the requirements of the ACCA as a predicate felony.

13

In *United States v. Martinez*, the Tenth Circuit held that an Arizona attempt statute did not constitute a violent felony under the residual clause. Of course, *Johnson* ruled that the residual clause is now unconstitutional. The Tenth Circuit observed that the Arizona attempt statute prohibited intentionally doing or omitting to do "anything which, under the circumstances as such person believes them to be, is any step in a course of conduct planned to culminate in the commission of an offense." 602 F.3d 1166, 1171 (10th Cir. 2010). The Tenth Circuit noted that an attempt statute, even one which requires a substantial step, would still prohibit conduct that is too attenuated to support a violent felony. *Id.* at 1172. ("One can take a *substantial step* toward committing a crime without being on the verge of committing it")(emphasis added). "Slight acts" in furtherance of the intent to commit a felony will constitute an attempt. *State v. Trejo*, 83 NM 511, 494 P.2d 173 (Ct. App. 1972). Therefore, under the categorical approach, attempt would not be a violent felony for purposes of the ACCA. *Id.* at 1172.

In *Martinez*, the court went on to conclude that the Arizona attempt statue was a crime of violence under United States Sentencing Guidelines U.S.S.G § 4B1.2(a). The Court noted that the language in U.S.S.G. § 2K2.1(a)(2) was similar to the language of the ACCA. It also noted, that the Sentencing Commission was not bound to use the ACCA definition of violent felony. Indeed, the Sentencing Commission chose to use a different term, "crime of violence", rather than "violent felony". The court noted that the Sentencing Commission in an application note chose to include attempted offenses as crimes of violence. *Id.* at 1175. This additional analysis in *Martinez* is irrelevant here.

The force clause of the ACCA requires that the examined statute, has as an element the use, the attempted use, or threatened use of physical force against the person of another. The New Mexico statute only requires an overt act towards the commission of the inchoate offense. The New Mexico attempt statute is so broad that it allows conduct which would satisfy a conviction for attempt but would not involve the attempted use of physical force against the person of another. For instance, a person could commit attempted robbery under New Mexico law simply reaching in the purse of an intended victim. Certainly this does not involve the attempted use of physical force against the person of another. *See e.g. United States v. Strahl*, 958 F.2d 980, 985-86 (10th Cir. 1992) (Utah attempted burglary is not a violent felony under residual clause because the attempt can be merely preparatory such as casing a building), *United States v. Permenter*, 969 F.2d 911, 912-13, 950 (10th Cir. 1992) (Oklahoma attempt statute requires only an act toward commission of the offense). As the Tenth Circuit noted in *Martinez*, "If one can commit the offense of attempted burglary, in many ways without an act directed toward the entry of the building, the physical risk of injury to another is too speculative to satisfy the residual provision of the (ACCA)". 602 F.3d at 1170.

Similarly, the mere prohibition in New Mexico law on "an overt act in furtherance… of a felony" is so broad as to encompass acts which do not involve the attempted use of physical force against the person of another as required by the ACCA's "force clause". Therefore, under New Mexico law attempted robbery does not satisfy the elements for a

predicate offense under the ACCA. Mr. Raymond does not qualify for an enhanced

sentence and should be remanded for a new sentencing.

**V.  Mr. Raymond's Conviction for
Aggravated Burglary is no Longer
a Violent Felony Under the ACCA.**

**A. New Mexico Burglary Is Broader than
*Taylor* Generic Burglary and Thus
Does Not Qualify as a Crime of
Violence for Purposes of 18 U.S.C. §
924(e).**

The third predicate offense used to classify Mr. Raymond under the ACCA was a

2001 conviction for aggravated burglary. PSR, ¶ 23, 34.

Following *Johnson*, Mr. Raymond can qualify as an armed career criminal only if

his prior New Mexico conviction for burglary of a dwelling has an element of use of force

against the person of another or is an enumerated offense, namely burglary, arson or

extortion, or involves use of explosives. 18 U.S.C. § 924(e)(2)(B).

The New Mexico burglary statute states:

> Burglary consists of the unauthorized entry of any vehicle,
> watercraft, aircraft, dwelling or other structure, movable or
> immovable, with the intent to commit any felony or theft
> therein.

> A. Any person who, without authorization, enters a
> dwelling house with intent to commit any felony or
> theft therein is guilty of a third degree felony.

> B. Any person who, without authorization, enters any
> vehicle, watercraft, aircraft or other structure,
> movable or immovable, with intent to commit any

> felony or theft therein is guilty of a fourth degree
> felony.

NMSA 1978, § 30-16-3 (2003). It does not include any element of use of force and thus does not qualify as a crime of violence under the force prong of ACCA.

The offense also does not qualify as generic burglary for the purpose of an enumerated crime. *Taylor* states that burglary is defined as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). Because New Mexico burglary applies to vehicles, watercrafts, and aircrafts, whether movable or immovable, it is facially broader than *Taylor* burglary.

New Mexico burglary of a dwelling is also broader than *Taylor* burglary because New Mexico defines "dwelling house" broadly. "A 'dwelling house' is any structure, any part of which is customarily used as living quarters." NMRA, Crim. UJI 14-1631. The term "other structure" is defined to "require an enclosure similar to a vehicle, watercraft, aircraft, or dwelling." *State v. Foulenfont*, 119 N.M. 1329, 1333 (N.M. Ct. App. 1995). Thus, a conviction under New Mexico law for "burglary of a dwelling" does not necessarily mean that the burglary occurred in a building or structure within the meaning of *Taylor*; it could apply to burglary of a car in which someone is living.

Before the holding in *Johnson*, the Supreme Court had held that the Florida offense of attempted burglary was a violent felony for purposes of the Armed Career Criminal Act because it was "of a type that, by its nature, presents a serious potential risk of injury to

another." *James v. United States*, 550 U.S. 192, 209 (2007). Thus, even if Mr. Raymond had challenged the categorization of his New Mexico offenses as not meeting the *Taylor* definition of burglary, it would nonetheless have qualified as crimes of violence under the residual clause. *See United States v. Coleman*, 655 F.3d 480 (6th Cir. 2011) (convictions under Ohio's third-degree burglary statute constituted violent felonies under ACCA; although the Ohio statute was broader than generic burglary, it created a risk of serious physical injury that was similar to the risk posed by generic burglary); *United States v. Brown*, 516 Fed. Appx. 461 (6th Cir. 2013) (Tennessee non-residential burglary conviction qualified as ACCA predicate under residual clause). Now, however, because Mr. Raymond's prior conviction must meet the requirements of either the use of force or the enumerated offense clause, and it does not, he is not an armed career criminal.

## V.  Conclusion

Mr. Raymond is entitled to relief under 28 U.S.C. § 2255 because, in light of *Johnson*, his sentence violates due process of law.  This Court should vacate his erroneous ACCA sentence and resentence him without the ACCA enhancement.

I HEREBY CERTIFY THAT on June 22, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

AUSA Kimberly Brawley.

 */s/ filed electronically*

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489


_____ */s/ filed electronically*
BENJAMIN A. GONZALES, AFPD
Attorney for Petitioner